JANE GITTINS AND OTHERS v. PETTERS AND COMPANY.[1]

October 25, 1929.

No. 27,455.

Charles A. Sawyer and F. A. Barlow, for appellants.
M. C. Bowler and Stanley B. Houck, for respondent.

DIBELL, J.

Action by the plaintiffs, as owners of one-half of a mortgage, to recover from the defendant, the owner of the other one-half, it having foreclosed and bid in for the whole amount.

There were findings for the defendant, and the plaintiffs appeal from an order denying their motion for a new trial.

On June 23, 1919, the defendant, Petters and Company, was the owner of a mortgage of $948.30 which was taken for its commission for negotiating a loan upon lands in Montana. On that date it

[1]Reported in 227 N. W. 182.

delivered to the Security Loan Company of Geraldine, Montana, a so-called commission memorandum in the following form:

"Minneapolis, Minn., June 23, 1919.

"Commission Memorandum:

"For services rendered in negotiating first mortgage loan for $5,500, executed by Ben Henry Oppegaard and Nellie T., his wife, dated March 3, 1919, and due December 1, 1924, covering the W½-31-23-12E, Chouteau County, Montana, Petters and Company, a corporation of Minneapolis, Minnesota, holders of one commission note and mortgage, said note being for $948.30, due as follows:

"$123.30 due the first of December 1919, and $165 due the first of December 1920, 1921, 1922, 1923, and 1924.

"We hereby certify that the Security Loan Company of Geraldine, Montana, are entitled to and owner of one-half interest in the above mentioned commission note and mortgage, said one-half to be paid them as note is collected.

"The above referred to note and mortgage is made in favor of Petters and Company, mortgage dated March 3, 1919, and recorded in Chouteau County, Montana, on the 18th day of April, at 9:10 o'clock A. M., in book 31 on page 623.

"PETTERS and COMPANY,

"By G. E. PETTERS,

"Sec'y and Treas."

On October 6, 1923, the defendant with the knowledge of the Security Loan Company commenced a foreclosure of the mortgage. The decree of foreclosure was entered on April 4, 1924, and on May 19, 1924, a sale was had at which the defendant purchased for the amount due on the mortgage and costs, together with several hundred dollars which it had paid to protect the commission mortgage from the prior mortgage. The defendant did not pay cash upon the foreclosure sale except that it paid the sheriff's fees. As is usual when the mortgagee bids in, no money passed. It is agreed that the sale was valid. There was no redemption.

The legal situation of the Security Loan Company and the defendant is clear. The defendant held the legal title to the mort-

gage. The security company was in fact the beneficial owner of one-half. They were in a sense tenants in common in equity. The memorandum contemplated that the defendant should collect the commission note, which was due in instalments, and pay one-half to the security company. It collected the first instalment and paid the security company one-half.

On January 3, 1927, the Security Loan Company assigned the commission memorandum to the plaintiffs. Their contention is that the purchase by the defendant at the foreclosure sale was a collection of the note and that they are entitled to a personal judgment for one-half of the mortgage debt.

Repeated adjudications establish the doctrine that the purchase at a foreclosure sale by the mortgagee or a stranger for the full amount due satisfies the mortgage debt. 2 Jones, Mortgages (8 ed.) § 1216; 2 Wiltsie, Mortgage Foreclosure (4 ed.) § 1034; 4 Dunnell, Minn. Dig. (2 ed.) § 6313, and cases cited.

We do not construe the memorandum, in connection with the undisputed facts, as giving the plaintiffs the right to a personal judgment against the defendant for one-half the mortgage debt upon the ground that it foreclosed and bid in for the whole amount and so collected the mortgage debt. It was intended that the defendant should remain the legal owner and receive the payments which might be made. It was the proper party to foreclose and enforce the mortgage. There is no charge that a foreclosure was not proper; that it was not prudently made at the time; nor that there was lack of skill or fidelity in the defendant. The foreclosure was commenced with the knowledge of the plaintiffs' assignor, the security company. No objection was made. It was nearly three years later when the assignment to the plaintiffs was made, and within two or three weeks this suit was commenced. The conduct of the security company indicates a construction of the memorandum justifying a foreclosure of the mortgage without an attendant right in it to receive one-half of the debt upon the theory that the plaintiffs' bidding in was a collection. This is not without significance. The plaintiffs are not in a better condition than the security com-

pany, and it gave no evidence of dissatisfaction with defendant's method of dealing with the mortgage.

The plaintiffs are not deprived of their mortgage interest. The defendant tenders them a deed of one-half of what was acquired by the foreclosure. They are not entitled to a money judgment.

Order affirmed.